IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN BROOKS, individually and on behalf of all similarly situated individuals,<br><br>          Plaintiff,<br><br>   vs.<br><br>HUALALAI INVESTORS, LLC, a Delaware limited liability company, et al.,<br><br>          Defendants. | CIVIL NO. 17-00364 JMS-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S NOTICE
OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT

Plaintiff Steven Brooks ("Plaintiff") filed his Notice of Motion and Motion to Remand Action to State Court on August 11, 2017 ("Motion to Remand"). *See* ECF No. 9. Defendants Hualalai Investors, LLC and Four Seasons Hotels Limited (collectively, "Defendants") filed their Opposition on September 1, 2017. *See* ECF No. 22. Plaintiff filed his Reply on September 8, 2016. *See* ECF No. 23.

The Court held a hearing on the Motion to Remand on September 25, 2017. *See* ECF Nos. 19, 24. Kenneth S. Robbins, Esq., and Melinda M. Weaver, Esq., appeared on behalf of Plaintiff. Daniel F. Gaines, Esq., also appeared on behalf of Plaintiff by telephone. Patrick K. Shea, Esq., and Steven A. Ellis, Esq., appeared

on behalf of Defendants. After careful consideration of the Motion to Remand and the supporting and opposing briefs, the arguments of counsel, and the relevant case law, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Motion to Remand.

## BACKGROUND

Plaintiff filed his Complaint against Defendants in the Circuit Court of the Third Circuit for the State of Hawaiʻi ("State Court") on June 26, 2017, alleging one cause of action under the Fair Credit Reporting Act of 1970 ("FCRA"), 15 U.S.C. § 1681 *et seq*. *See* ECF No. 1-2 at 12. Plaintiff's Complaint alleges that he used his Visa credit card to pay for his hotel stay at the Four Seasons Resort Hualalai in 2017 ("Four Seasons"). *Id*. at 4, ¶ 9. Plaintiff asserts that Four Seasons generated and provided him a receipt that contained more than the last five digits of his credit card account number and the expiration date of his credit card, in violation of 15 U.S.C. § 1681c(g). *Id*. Plaintiff contends that Defendants' alleged violation has harmed him and other consumers by: "failing to provide them with a receipt that does not contain their credit/debit card expiration date"; "by exposing them to a serious risk of identity theft and fraud that could have been avoided if Defendants had complied with their statutory obligations"; and "by requiring them to either secure their receipts in a safe place or destroy them to avoid the risk of identity." *Id*. at 6-7.

Defendants removed this action on July 26, 2017. Plaintiff subsequently filed the Motion to Remand. On August 25, 2017, Defendants filed a Motion to Dismiss Complaint, Filed June 26, 2017 [ECF No. 1-2] ("Motion to Dismiss"), which is currently pending before the district court. *See* ECF No. 21. The district court has informed the parties that it will not take any action on the Motion to Dismiss until the Motion to Remand is resolved.

## DISCUSSION

A. Standing

The instant Motion to Remand requires this Court to determine whether Plaintiff has standing to maintain a federal action under the FCRA for an alleged violation of 15 U.S.C. § 1681(c)(g). The FCRA's purpose is to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any of the requirements imposed in the FCRA with respect to any consumer, is liable to that consumer in an amount equal to: "(1A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or . . . (2) such amount of punitive damages

as the court may allow;" and (3) reasonable attorneys' fees "in the case of any successful action to enforce any liability" under § 1681n.

In 2003, Congress amended the FCRA and enacted the Fair and Accurate Transactions Act of 2003 ("FACTA"). As part of the amendments, Congress added § 1681c(g) to the FCRA, which prohibits any "person" that accepts credit cards or debit cards for the transaction of business from printing "more than the last 5 digits of the card number or the expiration date" on any receipt "provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1); *see also id*. at § 1681a (providing that the definition of "person" includes any "individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity"). Section 1681n thus confers to consumers a right to sue any person that fails to comply with any provision of the FCRA, including § 1681c(g).

Notwithstanding Congress' grant of a statutory cause of action for violations of FACTA, the United States Supreme Court has maintained that Congress cannot confer any more power beyond those contained in Article III of the Constitution. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ("*Spokeo*") ("Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate

that right."). Accordingly, although § 1681n provides a means to impose civil liability for noncompliance with any provision in FCRA, a plaintiff invoking federal jurisdiction pursuant to § 1681n nonetheless bears the burden of establishing the "irreducible constitutional minimum" of standing to sue. *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 560 (1992)). To establish federal standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. (citing Lujan, 504 U.S. at 560-61).

Here, the parties dispute only the "injury in fact" element of federal standing. *See* ECF No. 9-1 at 2 ("For purposes of this motion, Plaintiff concedes that he lacks the requisite Article III standing to proceed in federal court because he has sustained no injury in fact within the meaning of federal standing law . . . ."); ECF No. 22 at 13 ("[T]his Court should conclude that Plaintiff has alleged an injury in fact sufficient to satisfy the requirements of Article III."). Plaintiff contends that he lacks standing to sue under Article III of the United States Constitution because he is unable to establish a sufficient injury in fact for the purposes of the Motion to Remand. *See* ECF No. 9-1 at 2. Plaintiff argues that an alleged violation of § 1681c(g) without allegations of "actual incidents of identity theft" is insufficient to confer federal court jurisdiction. *Id*. at 7. Plaintiff thus

asserts that this Court lacks jurisdiction over this action, and therefore, this action must be remanded to State Court. *Id.* at 10.

B.  Establishing an Injury In Fact

"To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169 (E.D. Cal. 2011) (citing *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)). "Any doubt as to the right of removal must be resolved in favor of remand." *Id.* (citing *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992)). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (brackets in original) (citing *Gaus*, 980 F.2d at 566 (internal citations omitted)). Accordingly, Defendants bear the burden of establishing that removal is proper in this action, *i.e.* that Plaintiff has alleged a sufficient injury in fact in his Complaint to maintain standing in this Court. *See Spokeo*, 136 S. Ct. 1547 ("Where, as here, a case is at the pleading stage, the plaintiff must 'clearly. . . allege facts demonstrating' each element.") (ellipses in original) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-499 (1975)).

To establish the injury in fact element of Article III's standing requirements, Defendants must establish that Plaintiff alleges that he has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or

imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (citing *Lujan*, 504 U.S. at 560). Plaintiff alleges three "harms" in his Complaint. First, Plaintiff alleges that "Defendants' printing of more than the last five digits of the credit/debit card account number or the expiration dates on receipts has harmed Plaintiff and other consumers by failing them to provide them with a receipt that does not contain their credit/debit card [sic] expiration date." ECF No. 1-2 at 6, ¶15. Second, Plaintiff alleges that "Defendants' violations of FACTA have harmed Plaintiff and other consumers by exposing them to a serious risk of identity theft and fraud that could have been avoided if Defendants had complied with their statutory obligations under FACTA." *Id*., ¶16. Finally, Plaintiff alleges that "Defendants' violations of FACTA have harmed Plaintiff and other consumers by requiring them to either secure their receipts in a safe place or destroy them to avoid the risk of identity theft." *Id*., ¶ 17.

First, Plaintiff's first alleged harm, Defendants' failure to provide Plaintiff with a receipt that does not contain his credit/debit card number or expiration date, alleges only a violation of § 1681c(g). Accordingly, Plaintiff's first alleged harm does not allege any actual harm; rather it alleges only a "bare procedural violation." *See Spokeo*, 136 S. Ct. at 1550 ("[The plaintiff] cannot satisfy the demands of Article III by alleging a bare procedural violation. A violation of one of the FCRA's procedural requirements may result in no harm."). Plaintiff's

7

second alleged harm is the exposure to the "serious risk of identity theft and fraud" caused by Defendants' alleged FACTA violation.  Finally, Plaintiff's third alleged harm is Plaintiff being compelled to secure his receipts in a safe place or destroy them to avoid the risk of identity theft.  Thus, the "harms" Plaintiff alleges consist of a bare procedural violation, a theoretical "risk" of identity theft and fraud, and being compelled to act in a certain manner to mitigate the risk of identity theft.

The Supreme Court and the Ninth Circuit Court of Appeals have recently highlighted the considerations significant to the issue of establishing a legally sufficient "injury in fact" for procedural violations of the FCRA.  *See Spokeo*, 136 S. Ct. 1540 (vacating and remanding *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014) ("*Robins I*")); *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1110 (9th Cir. 2017) ("*Robins II*").  In *Robins I*, a plaintiff sued a website operator for willful violations of the FCRA, alleging that the defendant operator's website contained false information about the plaintiff.  *Robins I*, 742 F.3d at 410.  The Ninth Circuit held that the plaintiff alleged that:  (1) the website operator violated the plaintiff's statutory rights, not just the statutory right of other people; and (2) the plaintiff's personal interests in the handling of his credit information were individualized rather than collective.  *Id*. at 413.  The Ninth Circuit thus held that the alleged violations of the plaintiff's statutory rights were sufficient to satisfy the injury in

8

fact requirement of Article III.  *Id*. at 413-14.  The Supreme Court granted certiorari to review *Robins I*.  *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).

Without taking a position on the Ninth Circuit's ultimate conclusion in *Robins I*, the Supreme Court remanded *Robins I* so that the Ninth Circuit could more completely analyze the sufficiency of plaintiff's alleged "injury in fact." *Spokeo,* 136 S. Ct. 1540.  The Supreme Court reasoned that the Ninth Circuit's analysis of the plaintiff's injury in fact addressed particularity, but that further analysis of the concreteness requirement was necessary because the injury in fact requirement required a plaintiff to allege an injury that was both "concrete and particularized."  *Id*. at 1544-45.

On remand, the Ninth Circuit held that the alleged violation of plaintiff's rights under the FCRA constituted harm sufficiently concrete to satisfy the injury in fact requirement of Article III.  *Robins II*, 867 F.3d at 1110.  The Ninth Circuit recognized that "the mere fact that Congress said a consumer . . . may bring such a suit does not mean that a federal court necessarily has the power to hear it." *Id*. at 1112.  Nonetheless, the Ninth Circuit noted that the Supreme Court has "recognized that some statutory violations, alone, do establish concrete harm." *Id*. at 1113.

Drawing on the Second Circuit Court of Appeals' post-*Spokeo* formulation for evaluating whether an alleged procedural violation of a statute can by itself

manifest concrete injury, the Ninth Circuit held that, in evaluating a plaintiff's claim of harm, a procedural violation of a statute alone can by itself manifest concrete injury where: (1) "the statutory provisions at issue were established to protect [a plaintiff's] concrete interests (as opposed to purely procedural rights)," and (2) "the specific procedural violations alleged in th[e] case actually harm, or present a material risk of harm to, such interests." *Id.*; *see Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2d Cir. 2016) (concluding that *Spokeo* instructs that "an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a 'risk of real harm' to that concrete interest") (quoting *Spokeo*, 136 S. Ct. at 1549).

Similar to *Robins II*, the crux of the dispute in this Motion to Remand is whether Defendants' alleged violation of Plaintiff's rights under the FCRA can by itself manifest concrete injury sufficient to constitute an injury in fact. Defendants assert that Plaintiff alleges a sufficient injury in fact in his Complaint when he alleges that "Defendants' alleged violation of [§ 1681c(g)] has caused a real, concrete, and material risk of the dissemination of [Plaintiff's] private and sensitive financial information, as well as a real, concrete, and material risk of identity theft or credit card fraud." ECF No. 22 at 11. Defendants thus argue that

Plaintiff has asserted that Defendants' alleged violation has caused a concrete harm sufficient to establish the injury in fact element of Article III standing. *Id.*

In evaluating whether Plaintiff's allegations of harm are sufficient to establish a concrete injury, the Court is guided by the Ninth Circuit's recent decision in *Robins II*. Accordingly, in evaluating whether Plaintiff has alleged a concrete harm caused by Defendants' alleged statutory violation, this Court must determine: (1) whether Congress enacted § 1681c(g) to protect Plaintiff's concrete interests (as opposed to purely procedural rights); and (2) whether Defendants' alleged violation of FACTA "actually harm[s], or present[s] a material risk of harm to, such interest." *Robins II*, 867 F.3d at 1113.

1. Congress established § 1681c(g) to protect a concrete interest

As explained above, the "FCRA aims 'to ensure fair and accurate credit reporting' and to 'protect consumer privacy.'" *Robins II*, 867 F. 3d at 1113 (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). Congress subsequently amended the FCRA and enacted FACTA to provide "consumers with the tools they need to fight identity theft and to ensure the accuracy of their credit reports." H.R. Rep. No. 108-263, at 22 (2003).

FACTA's legislative history, including Congress' decision to add § 1681c(g) to the FCRA, evinces that the procedural requirements of § 1681c(g) were crafted to protect consumers' concrete interest in protecting their private

11

financial information and preventing identify theft and credit card fraud. *Id*. ("While American consumers have realized undeniable benefits from the free flow of credit reporting information to lenders and other financial services providers, they have also become increasingly concerned about the risk of their personal financial information falling into the wrong hands. The crime of identity theft . . . has reached almost epidemic proportions in recent years."). FACTA's legislative history explicitly includes the requirement that "merchants will be required to truncate credit and debit card information" as part of the tools FACTA sought to provide consumers to fight identify theft and to ensure the accuracy of their credit reports. *Id*. at 22. Indeed, the Ninth Circuit has suggested that the right to prevent the unauthorized disclosure of private information such as one's credit or debit card information in violation of FACTA constitutes a concrete interest. *See Robins II*, 867 F.3d at 1114 ("[T]he interests that FCRA protects also resemble other reputational and privacy interests that have long been protected in the law.") (citing *In re Horizon Healthcare Servs. Inc. Data Breach Litig*., 846 F.3d 625, 636 (3d Cir. 2017) (comparing FCRA's privacy protections to common law protections for "a person's right to prevent the dissemination of private information," and concluding that unauthorized disclosures in violation of FCRA's privacy protections constituted a concrete harm); *see also Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) (recognizing standing where

12

alleged statutory violations "present[ed] the precise harm and infringe[d] the same privacy interests Congress sought to protect in enacting the [Telephone Consumer Protection Act]").

Accordingly, the Court finds that Congress established § 1681c(g) to protect the concrete interests of consumers like Plaintiff.

2. Plaintiff does not allege a sufficient harm to Plaintiff's concrete interest

Notwithstanding this Court's finding that § 1681c(g) was established to protect Plaintiff's concrete interests in protecting his private financial information and preventing identify theft and credit card fraud, Plaintiff must allege more than a bare procedural violation of § 1681c(g) that is "divorced from" the real harms that the statute was designed to prevent. *Spokeo*, 136 S. Ct. at 1549; *Van Patten*, 847 F.3d at 1042. Plaintiff must allege that Defendants' violation of § 1681c(g) actually harms, or at least creates a "material risk of harm" to Plaintiff's concrete interest. *Robins II*, 867 F.3d at 115; *see also Spokeo*, 136 S. Ct. at 1550 (opining that not all violations of the FCRA's procedural requirements "cause harm or present any material risk of harm"). In making the determination of whether Plaintiff alleges a legally sufficient harm, this Court must examine the nature of the specific alleged violation to ensure that the violation raised a real risk of harm to the concrete interest that § 1681c(g) protects. *See Robins II*, 867 F.3d at 1116 (". . . *Spokeo II* requires some examination of the nature of the specific alleged

13

reporting inaccuracies to ensure that they raise a real risk of harm to the concrete interests that FCRA protects."). That is, the Court must examine the specific violations alleged against Defendants in Plaintiff's Complaint.

Here, Plaintiff alleges that the "receipt generated and provided to him by Defendants contained more than the last five digits of the credit card account number and the expiration date of his credit card, in violation of 15 U.S.C. § 1681c(g)." ECF No. 1-2 at 4, ¶ 9. Plaintiff does not make any further allegations related to Defendants' alleged violation of § 1681c(g). The Court finds that this single allegation is insufficient to establish the "concrete harm" sufficient to meet the injury in fact element of Article III's standing requirements.

Defendants urge this Court to consider Plaintiff's allegation that he was "compelled to destroy his alleged receipt or to secure it in a safe place," and to consider Plaintiff's other allegations regarding the "material risk of unauthorized disclosure of Plaintiff's financial information" and the material risk of identity theft and credit card fraud. ECF No. 22 at 15-16. Although the Court agrees that the alleged violation theoretically poses some risk, this Court finds that Defendants fail to establish that the risk is "material" based on the allegations in Plaintiff's Complaint. Plaintiff's allegation concerning Defendants' violation provides a minimal account of the alleged violation. It simply alleges that Defendants failed to satisfy the requirements under § 1681c(g). Under Defendants' interpretation,

14

every violation of § 1681c(g), even those that are minor, exposes a consumer to a "material" risk of unauthorized disclosure, and identity theft and credit card fraud. *Robins II* explicitly militates against adopting such a position.

In *Robins II*, the plaintiff specifically alleged that the website operator "falsely reported that he [was] married with children, that he [was] in his 50s, that he [was] employed in a professional or technical field, that he ha[d] a graduate degree, and that his wealth level [was] higher than it [was]." *Robins II*, 867 F.3d at 1117. The plaintiff also alleged that he was out of work and looking for a job, but that the website operator's "inaccurate reports have caused actual harm to [his] employment prospects by misrepresenting facts that would be relevant to employers, and that he suffer[ed] from 'anxiety, stress, concern, and/or worry about his diminished employment prospects' as a result." *Id*. (internal quotations omitted). The Ninth Circuit held that even if the harm to the plaintiff's job search could be debated, the inaccuracies alleged in the plaintiff's complaint were not the sort of "'mere technical violation[s]' which [were] too insignificant to present a sincere risk of harm to the real-world interests that Congress chose to protect with FCRA." *Id*.

*Robins II* thus instructs this Court that not every violation of FACTA will cause harm or present a material risk of harm. *See also Spokeo*, 136 S. Ct. at 1550 ("A violation of one of the FCRA's procedural requirements may result in no

15

harm. . . . not all inaccuracies cause harm or present any material risk of harm."). Here, the Complaint lacks any information that would assist this Court in determining whether the alleged violation caused actual harm or presented a "material" or "sincere" risk of an unauthorized disclosure of personal financial information or risk of identify theft and credit card fraud. For example, Plaintiff does not allege the extent of the violation, the circumstances surrounding the violation such as where and how the violation occurred, or whether any individuals other than the Plaintiff were privy to the information on the receipt.

Plaintiff does not allege any detail about the Defendants' alleged violation other than the bare procedural violation. Under these circumstances, this Court finds that Plaintiff's Complaint does not sufficiently allege that he suffered a concrete injury, and thus, Plaintiff lacks standing to maintain this action in federal court. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."); *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988), *overruled on other grounds, Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991) ("Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing. . . . [I]t is imperative that any attempt to impose upon federal jurisdiction by pleadings without legal justification must be vigorously discouraged.").

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Notice of Motion and Motion to Remand Action to State Court filed on August 11, 2017, and remand this action to the Circuit Court of the Third Circuit for the State of Hawaiʻi.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, October 30, 2017.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge


CV17-00364 JMS-KJM; *Brooks v. Hualalai Investors*; ORDER GRANTING PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT